FILED
SUPERIOR COURT
OF GUAM

2019 FEB -1 PM 3: 58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | Criminal Case No. CF0720-18/CF0044-18 |
| vs. | |
| DEVIN JESUS CARBONE SANTOS | **DECISION AND ORDER** |
| Defendant. | **(Defendant's Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance or in the Alternative Reduction of Bail)** |

### INTRODUCTION

This matter is before the Honorable Anita A. Sukola on Defendant Devin Jesus Carbone Santos's ("Defendant") Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance or in the Alternative Reduction of Bail. The People are represented by Assistant Attorney General Jeremy S. Kemper. Defendant is represented by Attorney Stephen P. Hattori. Having reviewed the memoranda and papers presented, the Court now issues the following decision **DENYING** Defendant's motion.

### FACTS

1. On January 22, 2018, the People filed a Magistrate's Complaint in CF0044-18, charging Defendant with Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) and Possession of a Schedule II Controlled Substance (As a Third Degree Felony). The Court ordered Defendant to be held at the Department of Corrections with bail set at $5,000.00 cash.

2. On January 24, 2018, the Court entered an Order of Conditional Release and Appearance of Bond, releasing Defendant under certain conditions, including the condition that Defendant refrain from possessing any firearms.

3. On November 29, 2018, Defendant was arrested for possession of a controlled substance and possession of a firearm without an ID card. On December 1, 2018, the

People filed a Magistrate's Complaint under the new case caption CF0720-18, charging Defendant with Possession of a Firearm without a Guam Firearms Identification Card (As a Third Degree Felony) and Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Both of these charges were accompanied by charges of Commission of a Felony While on Felony Release. The Court ordered Defendant to be held at the Department of Corrections with bail set at $10,000.00 cash.

4. On December 6, 2018, Probation filed the First Violation Report in CF0044-18. The Report states that Defendant failed to obey all laws of Guam as required by his Conditional Release, citing the December 1, 2018 charges.

5. Defendant has remained in custody since December 1, 2018.

6. On December 26, 2018, Defendant filed a Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance or in the Alternative Reduction of Bail.

7. On January 22, 2019, Defendant came before the Court for a trial setting in CF0720-18. At this time, Defendant requested he be released to a third-party custodian pending trial. The Court orally denied this motion.

### PRINCIPLES OF LAW

Section 40.50 of Title 8 of the Guam Code states, "A person for whom conditions of release are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA §40.50.

When deciding whether to confine a person facing charges, the Court's main concern is whether the person will appear in court later and whether he will pose a danger to others while he is released. The Supreme Court of Guam has explained that the Court must release the person charged, "*unless* the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Guam v. Song, 2011 Guam 19, ¶ 10 (quoting 8 GCA § 40.15(b)) (emphasis in original). Guam law requires the court to impose the least onerous conditions necessary to ensure the person appears in court and to keep the

community safe. 8 G.C.A. § 40.20; see Guam v. Song 2011 Guam 19 ¶ 11. In deciding, a court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The court must also consider a series of other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2)-(6).

## DISCUSSION

The Court notes that Defendant is a lifelong resident of Guam and has familial ties to Guam. The Court does not view Defendant as a flight risk. However, the Court is concerned with Defendant's risk to the community and disregard for previous Court orders. Defendant has been given the opportunity to be released pending trial in CF0044-18, and was subsequently arrested for the same charges within one year of his release. Additionally, Defendant was in possession of a firearm in violation of his release conditions, indicating that Defendant poses a threat to community safety. In consideration of Defendant's history, the Court finds that release on personal recognizance is unwarranted. The Court further finds that $10,000.00 bail is an appropriate amount.

## CONCLUSION AND ORDER

For the reasons set forth above, Defendant's Motion and Application for Bail Redetermination Hearing is **DENIED.**

CRIMINAL TRIAL SETTING HRG: 2/12/19 at 9:00 am.

SO ORDERED, this ____1____ day of ____Feb.____ 2019.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge receipt of the original hereof filed in the court box of:
HG, TDSE
Date: 2/1/19 Time: 4:15
**Rosalind C. Balajadia**
Deputy Clerk, Superior Court of Guam